# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,

vs.

RICARDO LIMON-URENDA,

              Defendant.

No. CR 13-4067-2-MWB

**MEMORANDUM OPINION AND ORDER REGARDING DEFLS MOTION IN LIMINE**

*FILED UNDER SEAL*

———————————————

In this case, defendant Ricardo Limon-Urenda is charged with conspiracy to distribute 500 grams or more of a methamphetamine mixture, which contained 50 grams or more of actual (pure) methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.[1]   This case is set for a jury trial to begin on a date certain of March 3, 2014.

Before a previously scheduled trial date, defendant Limon-Urenda filed his September 20, 2013, Motion In Limine (docket no. 28), which is now pending before me.  In his Motion, Limon-Urenda seeks an order directing the prosecution to refrain from introducing the following categories of evidence:  (1) opinions of his guilt or that he "is" a "drug dealer"; (2) evidence of his possession of personal amounts of methamphetamine; (3) evidence or testimony suggesting that marijuana is the first step

---

[1] Co-defendant Jovany Bautista pled guilty to the conspiracy charge before United States Magistrate Judge Leonard T. Strand on October 28, 2013, and I accepted Judge Strand's Report And Recommendation (docket no. 47) recommending that I accept that guilty plea by Order (docket no. 51) filed October 29, 2013.  Bautista is awaiting sentencing and is expected to testify against defendant Limon-Urenda.

to drug addiction and that he has a juvenile conviction for a marijuana offense; (4) hearsay statements made by co-defendants; (5) evidence of his employment history; (6) evidence of his immigration status; (7) evidence or testimony suggesting any connection between Hispanics or use of Spanish and drug activity; and (8) references to a relationship between guns and drugs. The prosecution filed its Response To Defendant's Motion In Limine (docket no. 36) on October 7, 2013, suggesting that much of Limon-Urenda's Motion is overbroad and speculative, representing that it will not offer some of the challenged evidence, and arguing that other challenged evidence is admissible.

First, the prosecution represents that it will not offer any of the challenged evidence in category (3), regarding marijuana, or category (7), suggestions that the fact that the participants in the alleged conspiracy were Hispanic or used Spanish demonstrates that they were drug dealers. The prosecution points out, however, that the evidence will show that the co-conspirators engaged in relevant, recorded conversations in Spanish. Limon-Urenda's Motion is granted as to exclusion of evidence in category (3), regarding marijuana, and evidence in category (7), but only as to evidence, argument, or opinion that, because the alleged conspirators were Hispanic or used Spanish, they were drug dealers. Evidence that conversations of the alleged co-conspirators were conducted in Spanish, however, is admissible.

While the prosecution expressly represented that it would not present some categories of challenged evidence, the prosecution simply did not respond to Limon-Urenda's request to exclude evidence in categories (5) and (6). As to category (5), Limon-Urenda seeks to exclude evidence of his employment history, or, more specifically, his lack of employment at the time of his arrest, which he expects the prosecution to offer to bolster the argument that he was involved in drug distribution or supported himself by drug sales. He contends that I should exclude such evidence pursuant to Rules 404(a) and 403. The Eighth Circuit Court of Appeals has recognized

that evidence of a defendant's unexplained income or wealth or evidence that a defendant lacked employment, but still had money to spend, is ordinarily relevant and admissible, pursuant to Rule 403 of the Federal Rules of Evidence, precisely for the inference that a defendant supported himself other than by legitimate employment. *See, e.g., United States v. Rodriguez*, 484 F.3d 1006, 1012 (8th Cir. 2007); *United States v. Sparks*, 949 F. Supp. 1023, 1028 (8th Cir. 1991). The lack of any assertion by the prosecution that there is evidence of Limon-Urenda's lack of employment history that is relevant for this purpose, however, leads me to conclude either that the prosecution does not intend to offer any such evidence or that the prosecution has waived any resistance to Limon-Urenda's objection to such evidence. I will exclude evidence in category (5) on either or both bases, if it is offered at trial without a convincing argument for its admissibility and a convincing, excusable reason for the prosecution's failure to respond to Limon-Urenda's pretrial request to exclude it.

As to category (6), Limon-Urenda seeks to exclude evidence of his immigration status. He explains that he is not an American citizen, but he has a green card, and he was attempting to obtain citizenship at the time of his arrest; that he was raised in South Sioux City, Nebraska; and that he graduated from South Sioux City High School. He contends that bringing up his citizenship would improperly suggest to jurors that he is a drug courier from Mexico or that a "not guilty" verdict would make him a citizen. I can think of no probative value that evidence of Limon-Urenda's immigration status might have in this case, and the prosecution has offered none. At the same time, I find that the potential prejudice of such evidence is significant, because such evidence might invite jurors to decide that Limon-Urenda is guilty on the improper basis of his alienage or national origin. *See* FED. R. EVID. 403; *United States v. Muhlenbruch*, 634 F.3d 987, 1001 (8th Cir. 2011) (explaining that "undue prejudice" within the meaning of Rule 403 means that the evidence suggests a decision on an improper basis). I routinely require

jurors to certify, in the Verdict Form, that consideration of the defendant's race, color, religious beliefs, national origin, or sex was not involved in reaching each juror's individual decision, and that the individual juror would have returned the same verdict for or against the defendant on the charged offenses regardless of the defendant's race, color, religious beliefs, national origin, or sex. I will do so in this case. Nevertheless, I do not find that requiring juror certification of non-discrimination cures the potential for prejudice from evidence of Limon-Urenda's immigration status that has no apparent probative value. Indeed, it is likely that the prosecution recognizes the problems with such evidence, just as it recognizes the impropriety of any suggestion that a defendant's Hispanic ethnicity or use of Spanish means that he was engaged in drug activity. Limon-Urenda's request to exclude evidence of his immigration status in category (6) is granted.

Turning to the categories of challenged evidence that the prosecution argues are admissible, the evidence that Limon-Urenda seeks to exclude in category (1) is opinions of his guilt or that he "is" a "drug dealer." He argues that it is for the jury to decide, based on the evidence, whether or not he is a "drug dealer," and that the challenged opinions should be excluded pursuant to Rule 403, on the ground that they would inflame the jurors against him. The prosecution argues that it is necessarily attempting to demonstrate that Limon-Urenda conspired to distribute methamphetamine and that it may present testimony from witnesses describing Limon-Urenda's involvement in drug activity.

I have addressed motions to exclude opinions about a defendant's guilt or that a defendant "is" a "drug dealer" or "is" a "drug trafficker" before, but based on Rules 701, 702, and 704 of the Federal Rules of Evidence, rather than Rule 403.[2] My

---

[2] For example, in *United States v. Lee*, No. CR 07-3004-MWB, 2007 WL 1455755

(N.D. Iowa May 17, 2007) (unpubl. op.), I addressed a challenge to such opinions, as follows:

>Next, defendant Orondee Maxwell seeks to exclude evidence of opinions that he is a drug dealer or convicted felon. The government represents that it does seek to present evidence that this defendant was previously convicted of a drug-trafficking felony. The government explains that certain items seized from him, at locations where he resided or allegedly participated in drug-trafficking, are consistent with or indicative of crack cocaine distribution.

>The court concludes that the evidence that the government intends to introduce falls outside of the scope of this defendant's Motion In Limine, because the court does not read the defendant's motion to seek exclusion of opinion testimony that evidence of the kind identified by the government *is consistent with drug-trafficking. See, e.g., United States v. Taylor*, 462 F.3d 1023, 1026-27 (8th Cir.2006) (a police officer could permissibly testify that certain conduct, possession of a large quantity of drugs and possession of firearms, was consistent with drug dealing, because such testimony assists the jurors in understanding the business of drug trafficking). However, opinions that the defendant is a drug dealer or convicted felon are inappropriate, because it is for the jury to decide whether the evidence proves that the defendant was dealing drugs, as charged, and whether he has one or more prior (or contemporaneous) felony convictions, and an opinion to that effect is unnecessary to assist the jury. *See* FED. R. EVID. 701 (lay opinion testimony must be "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue"); FED.R.EVID. 702 (expert testimony must be such that it will assist the trier of fact to understand the evidence or to determine a fact in issue).

conclusion about the admissibility of such opinions under Rule 403 is essentially the same. Specifically, lay opinions, or even expert opinions, that a defendant "is" guilty or "is" a "drug dealer" are not relevant or admissible, within the meaning of Rules 401 and 402, because they are not helpful to the jury and trespass upon issues for the jury to decide. *See* FED. R. EVID. 401 (defining relevant evidence as evidence that "(a) . . . has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."); FED. R. EVID. 402 (providing that relevant evidence is generally admissible, but irrelevant evidence is not); s*ee also* FED. R. EVID. 701 (explaining that lay opinion testimony must be "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue"); FED. R. EVID. 702 (explaining that expert testimony must be such that it will assist the trier of fact to understand the evidence or to determine a fact in issue). Because the challenged opinions are not relevant, their probative value is substantially outweighed by

---

> Thus, this portion of defendant Orondee Maxwell's Motion In Limine will be granted to exclude opinions that the defendant *is* a drug dealer or felon, but will be denied to the extent that the defendant seeks to exclude opinions that certain evidence pertaining to this defendant *is consistent with* drug trafficking.

*Lee*, 2007 WL 1455755 at *9 (emphasis in the original; footnote omitted). I also stated,

> The court is less convinced of, but does not wholly reject, the notion that such opinion testimony may trespass on the forbidden zone of testifying that the defendant did have the mental state or condition constituting an element of the crime charged, as the defendant contends. *See* FED.R.EVID. 704(b) ("Such ultimate issues are matters for the trier of fact alone."); *see also United States v. Wang*, 49 F.3d 502, 504-05 (9th Cir.1995).

*Lee*, 2007 WL 1455755 at *9 n.3; *see also United States v. Yuot*, No. CR 07-4091-MWB, 2008 WL 2857144, *3-*4 (N.D. Iowa July 23, 2008) (unpubl. op.).

their potential for prejudice, in that they might improperly induce jurors to decide the case on the improper basis of such opinions, rather than the evidence demonstrating the defendant's involvement in the charged offense. *See* FED. R. EVID. 403; *Muhlenbruch*, 634 F.3d at 1001 (explaining that "undue prejudice" within the meaning of Rule 403 means that the evidence suggests a decision on an improper basis).

This is not to say that the prosecution cannot offer testimony from lay witnesses about their observation of the defendant engaging in drug activity or evidence that the defendant engaged in conduct that an expert opines is "consistent with" drug activity. Testimony that a witness observed the defendant engaging in drug activity and expert evidence that certain conduct is consistent with drug-trafficking is detrimental, but not unfairly prejudicial, to the defendant's case. *United States v. Myers*, 503 F.3d 676, 681 (8th Cir. 2007) ("Rule 403 'does not offer protection against evidence that is merely prejudicial in the sense of being detrimental to a party's case. The rule protects against evidence that is unfairly prejudicial, that is, if it tends to suggest decision on an improper basis.'" (quoting *Wade v. Haynes*, 663 F.2d 778, 783 (8th Cir. 1981), *aff'd sub nom. Smith v. Wade*, 461 U.S. 30, 103 S. Ct. 1625, 75 L. Ed. 2d 632 (1983)).

Therefore, the portion of defendant Limon-Urenda's Motion In Limine seeking to exclude opinions in category (1) is granted to the extent that I will exclude opinions that the defendant *is* a drug dealer, but denied to the extent that I will not exclude testimony that the defendant engaged in specific conduct or opinions that such conduct *is consistent with* drug trafficking.

Next, Limon-Urenda seeks to exclude evidence, in category (2), concerning his possession of personal amounts of methamphetamine, on the ground that it is more prejudicial than probative. The prosecution counters that drug quantities purchased for personal use are relevant to the drug quantity involved in a conspiracy to distribute. The prosecution is correct that the Eighth Circuit Court of Appeals has repeatedly recognized

that "'[d]rug quantities purchased for personal use by a member of the conspiracy are relevant in determining the total drug quantity attributable to the defendant.'" *United States v. Loesel*, 728 F.3d 749, 753 (8th Cir. 2013) (quoting *United States v. Walker*, 688 F.3d 416, 422 (8th Cir. 2012)). Although the court has made this observation most often in reference to the quantity of drugs for purposes of *sentencing*, *see, e.g., id.*, to the extent that drug quantity is a question for the jury, because it determines a defendant's maximum sentence, it follows that it is also relevant to the defendant's guilt on the charged offense. Moreover, a defendant's possession of the drug in question during the period of the alleged conspiracy is "obviously relevant to the conspiracy alleged" and admissible to show the defendant's knowledge and intent in the conspiracy, so that it is admissible pursuant to Rule 404(b). *See United States v. Jefferson*, 725 F.3d 829, 836 (8th Cir. 2013). Limon-Urenda's request that I exclude evidence in category (2) is denied.

Limon-Urenda also seeks to exclude evidence in category (4), consisting of hearsay statements made by co-defendants. The prosecution asserts that co-defendant hearsay statements are admissible. This portion of Limon-Urenda's Motion need not detain me long. Suffice it to say that I will deny Limon-Urenda's request for pretrial exclusion of such evidence, and I will, instead, follow the procedure for determining the availability of the co-conspirator exception to the hearsay rule under Rule 801(d)(2)(E), established in *United States v. Bell*, 573 F.2d 1040 (8th Cir. 1978). *See United States v. Tremusini*, 688 F.3d 547, 554-55 (8th Cir. 2012).

The final disputed category of evidence that Limon-Urenda seeks to exclude is category (8), consisting of references to a relationship between guns and drugs. Limon-Urenda argues that the prosecution may offer the theory that guns and drugs or drugs and violence go together, but such an argument would be prejudicial here, where he did not own a gun, and he has no history of violence. He argues that such a theory is unduly

prejudicial, even where it relates to the conduct of alleged co-conspirators, because it would inflame the jurors' passions or invite them to find him guilty by association. The prosecution argues that a co-conspirator had a handgun in his residence, where the conspirators met and made arrangements to distribute drugs, and that the co-defendant admitted that he possessed the gun to protect himself and the drugs.

Evidence of gun possession by a co-conspirator is admissible, because jurors "might draw the reasonable inference that the gun[ ] w[as] acquired for the purpose of protecting . . . [the co-conspirator's] drug activities." *United States v. Street*, 548 F.3d 618, 626 (8th Cir. 2008); *see also id.* at 625 (recognizing that firearms evidence is "routinely allowed" in drug-trafficking cases, as "tools of the trade" evidence). Moreover, if the evidence establishes that Limon-Urenda was involved in the conspiracy with the co-defendant, and that such conspiracy was ongoing at the time of the co-defendant's possession of the firearm, then the evidence of the firearm possessed to protect the conspirators or the drugs is equally admissible against Limon-Urenda. *See United States v. Ball*, 499 F.3d 890, 897 (8th Cir. 2007) (holding that evidence of methamphetamine seized in the arrest of a co-defendant during the period of the conspiracy that was possessed in furtherance of the conspiracy was attributable to all members of the conspiracy), *reversed on other grounds*, 556 U.S. 1205 (2009). The part of Limon-Urenda's Motion seeking to exclude evidence in category (8) is denied.

THEREFORE, upon the foregoing, defendant Limon-Urenda's September 20, 2013, Motion In Limine (docket no. 28) is **granted in part and denied in part**, as explained more fully, above.

IT IS FURTHER ORDERED that, to avoid exposure of potential jurors to information about excluded evidence, this ruling shall be sealed until ten days after completion of trial or any guilty plea, unless a party files a motion within that ten-day period showing good cause why the ruling should remain sealed.

**IT IS SO ORDERED**.

**DATED** this 12th day of February, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA