# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br> vs. <br><br> RICARDO LIMON-URENDA, <br><br> Defendant. | No. CR 13-4067-MWB <br><br> **MEMORANDUM OPINION AND ORDER REGARDING THE PROSECUTION'S MOTION FOR PRELIMINARY DETERMINATION OF ADMISSIBILITY OF CERTAIN EVIDENCE** <br><br> <u>**FILED UNDER SEAL**</u> |

_____

This case, in which defendant Ricardo Limon-Urenda is charged with conspiracy to distribute 500 grams or more of a methamphetamine mixture, which contained 50 grams or more of actual (pure) methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, is set for a jury trial to begin on March 3, 2014. It is now before me on the prosecution's February 25, 2014, sealed Motion For Preliminary Determination Of Admissibility Of Certain Evidence (docket no. 94). The "certain evidence" in question is the evidentiary deposition, by both parties, of Javier Castilla-Gallardo, a related-case defendant and cooperating witness in this case, who had been detained as a "material witness" pursuant to 18 U.S.C. § 3144.

Castilla-Gallardo was sentenced to a term of seven months' imprisonment, but he has completed his sentence, and, prior to February 7, 2014, he was in the custody of immigration authorities (ICE) in Grand Island, Nebraska, where he was subject to potential removal from the United States. He was arrested on a "material witness" warrant, pursuant to 18 U.S.C. § 3144, on February 7, 2014. At Castilla-Gallardo's

initial appearance on February 7, 2014, after his arrest, United States Magistrate Judge Leonard T. Strand ordered Castilla-Gallardo detained until his evidentiary deposition could be taken. *See* Hearing Minutes (docket no. 75). The parties took Castilla-Gallardo's evidentiary audio/video deposition on February 21, 2014, and the prosecution has attached a transcript of that deposition to its present Motion. It appears that, at the time of the prosecution's Motion, Castillo-Gallardo was detained in the Woodbury County Jail, but subject to release on bond from ICE and transport to ICE detention at another location. The prosecution represents that the parties have stipulated and agreed to the use of Castilla-Gallardo's evidentiary deposition at trial, in lieu of his "live" testimony. However, because Castilla-Gallardo may or may not be "technically" unavailable under the Rules of Evidence or other authority (presumably, the Confrontation Clause), the prosecution requests an order allowing the use of Castilla-Gallardo's evidentiary deposition at trial.

The "material witness" statute pursuant to which Castilla-Gallardo was arrested provides as follows:

> If it appears from an affidavit filed by a party that the testimony of a person is material in a criminal proceeding, and if it is shown that it may become impracticable to secure the presence of the person by subpoena, a judicial officer may order the arrest of the person and treat the person in accordance with the provisions of section 3142 of this title. No material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice. Release of a material witness may be delayed for a reasonable period of time until the deposition of the witness can be taken pursuant to the Federal Rules of Criminal Procedure.

18 U.S.C. § 3144. The statute only provides for detention of Castilla-Gallardo until his deposition could be taken, not until he testifies at trial, unless his further detention is

necessary "to prevent a failure of justice." *See United States v. Matus-Zayas*, 655 F.3d 1092, 1100 (9th Cir. 2011) ("In *Torres–Ruiz [v. U.S. Dist. Court for the S.D. of Cal.*, 120 F.3d 933 (9th Cir.1997) (per curiam)], we expressly adopted the reasoning of the Fifth Circuit in *Aguilar–Ayala v. Ruiz*, 973 F.2d 411 (5th Cir. 1992), that when Rule 15(a) and § 3144 are read together, a 'district court *must* order [a material witness'] deposition and prompt release' when it has been demonstrated that the material witness' 'testimony can adequately be secured by deposition, and that further detention is not necessary to prevent a failure of justice.'" (quoting *Torres–Ruiz*, 120 F.3d at 935 (citations and internal quotation marks omitted, but emphasis in the original)); *Aguilar-Ayala v. Ruiz*, 973 F.2d 411, 412 (5th Cir. 1992) ("A material witness may not be detained [pursuant to § 3144], however, if a deposition would suffice as an adequate alternative to the witness' live testimony at the proceeding.")

The Eighth Circuit Court of Appeals recognized, some time ago, that, even where a material witness's deposition had been taken pursuant to a "material witness" statute—in that case, a statute specific to a witnesses to the offense of transportation of illegal aliens, 8 U.S.C. § 1324(d)—the prosecution must still show that the witness is unavailable at trial before admission of the deposition satisfies a defendant's constitutional right of confrontation. *See United States v. Perez-Sosa*, 164 F.3d 1082, 1085 (8th Cir. 1998); *accord United States v. Aguilar-Tamayo*, 300 F.3d 562, 565 (5th Cir. 2002) (recognizing that, to use at trial a deposition of a material witness taken pursuant to § 1324(d), the prosecution must satisfy the unavailability requirements of Rule 804 of the Federal Rules of Evidence and the Confrontation Clause). Federal Circuit Courts of Appeals that have had more experience with depositions of material witnesses pursuant to § 3144 have recognized the same requirement. *See Matus-Zayas*, 655 F.3d at 1099 (noting, "[Section] 3144 contains no language abrogating the constitutional requirement of establishing unavailability prior to the admission of preserved testimony. In fact, even after the material witnesses in this case had been deposed and released pursuant to § 3144, the

3

government still had the obligation to establish the witnesses' unavailability in order for their testimony to be admitted into evidence."); *United States v. Hayes*, 231 F.3d 663, 668 (9th Cir. 2000) ("Rule 15 of the Federal Rules of Criminal Procedure allows depositions to be taken '[w]henever due to exceptional circumstances of the case it is in the interest of justice that the testimony of a prospective witness of a party be taken and preserved for use at trial . . .' and provides that if a witness is detained pursuant to § 3144 and his deposition is ordered, the witness may be discharged by the court."); *Agular-Ayala*, 973 F.2d at 412 (the requirement that a material witness may not be detained, if his or her deposition would suffice, "means, of course, that the deposition testimony must be admissible notwithstanding any objections by the parties . . . under the Confrontation Clause of the United States Constitution or the Federal Rules of Evidence").

In *Matus-Zayas*, the Ninth Circuit Court of Appeals explained the "unavailability" requirement for use of a material witness's deposition testimony, as follows:

> "A witness is considered unavailable for purposes of the Confrontation Clause if the prosecutorial authorities have made a good-faith effort to obtain his presence at trial." *Forn v. Hornung*, 343 F.3d 990, 995 n.3 (9th Cir.2003), *as amended* (citation and internal quotation marks omitted). In the detained material witness context, the government typically "bears the burden of proving the [material] witness' unavailability as a predicate to the admission of the [material witness'] deposition testimony." *Aguilar–Ayala*, 973 F.2d at 417–18 (citation omitted); *see also Santos–Pinon*, 146 F.3d at 736 (noting that "demonstrating unavailability through good faith efforts to procure witnesses is still required after § 1324(d)"); *United States v. Fuentes–Galindo*, 929 F.2d 1507, 1511 (10th Cir.1991) (concluding that deposition testimony of a detained material witness was inadmissible when the government did not "meet its burden" of "demonstrat[ing] a 'good faith' effort or use 'reasonable means' in attempting to obtain the three material witnesses' presence at trial").

*Matus-Zayas*, 655 F.3d at 1101. The court in *Matus-Zayas* held that the prosecution had failed to meet its burden to prove "unavailability" of the material witnesses, where it presented no evidence of its efforts to procure the witnesses' presence, and, therefore, held that the district court plainly erred by admitting the material witnesses' depositions. *Id*. at 1102. The obligation to show "unavailability" at trial exists, even if the parties have stipulated to use of a material witness's deposition. *Id*. (noting that, in prior cases, it had held that it was plain error to admit depositions of material witnesses "without any proof that the deposed witnesses were unavailable *and* without a stipulation permitting the use of the depositions" (citing *United States v. Vasquez-Ramirez*, 629 F.2d 1295, 1297 (9th Cir. 1980) (per curiam), with my emphasis added).

The court in *Matus-Zayas* also explained how this plain error could have been avoided:

> To avoid committing plain error, the district court should have followed our well-established precedent and required the government to place on the record some evidence of the continued unavailability of the material witnesses. *See Vasquez–Ramirez*, 629 F.2d at 1297. Indeed, such a showing is necessary to avoid a successful Confrontation Clause challenge. *See Santos–Pinon*, 146 F.3d at 736 (discussing the "constitutional requirement of establishing unavailability") (internal quotation marks omitted). *The government could have met its obligation by detailing its efforts to procure the witnesses' presence at the trial and by making a showing that despite its efforts, the witnesses remained unavailable. This required showing is not unique to the facts of this case. Indeed, the government is routinely required to demonstrate the unavailability of witnesses prior to using preserved testimony. See Jackson v. Brown*, 513 F.3d 1057, 1083 (9th Cir.2008) ("[T]he prosecution may introduce the prior testimony of a witness without running afoul of the Sixth Amendment … [if] the prosecutor … prove[s] that the witness is unavailable … and if the defendant had the opportunity to cross-examine the witness at the prior hearing.") (citations omitted).

5

*Matus-Zayas*, 655 F.3d at 1102 (emphasis added).

Other appellate decisions flesh out what constitutes a showing of sufficient effort by the prosecution to procure the presence of a material witness at trial to demonstrate "unavailability" of that material witness. *See United States v. Allie*, 978 F.2d 1401, 1404 (5th Cir. 1992) (concluding that adequate showing of "unavailability" had been made to use at trial the deposition of a material witness taken pursuant to § 3144, where the prosecution had taken numerous steps to ensure that the deported witnesses would return for trial including providing witness fees and travel cost reimbursements, giving the witnesses a subpoena and letter to facilitate their reentry into the U.S., calling them in Mexico, getting assurance from the U.S. that they would return, apprising border inspectors of their expected arrival and issuing checks to be given to the witnesses upon their reentry into the U.S. at time of trial, but despite these efforts, the witnesses refused to appear at trial); *Aguilar-Ayala*, 973 F.2d at 417-18 (citing cases identifying sufficient and insufficient efforts to secure the presence at trial of an alien material witness to establish "unavailability"); *but see Aguilar-Tamayo*, 300 F.3d at 566 ("We do not suggest that it is necessary for the government to take all of the steps referenced in *Allie* to establish that it acted reasonably to secure a witness's presence," but holding that a stipulation that the government took no steps to secure the presence of material witnesses "hardly constitute[s] the use of 'reasonable means' to secure the presence of the witnesses").

I can, perhaps, piece together from the prosecution's present Motion the reasons that the prosecution believes that Castilla-Gallardo may be "unavailable" at trial.[1] By the time of trial, Castilla-Gallardo may have been released back to ICE detention, or may

---

[1] I could also assume that the prosecution will assert that Castilla-Gallardo is "unavailable," but that his testimony will be excepted from the hearsay rule, within the meaning of Rule 804(a)(5) and (b)(1) of the Federal Rules of Evidence.

have been deported, and he may be beyond the reach of a subpoena or even an arrest warrant. Nevertheless, I have no certainty that Castilla-Gallardo *will be* "unavailable" at the time of trial. Thus, to avoid the possibility of error in admitting Castilla-Gallardo's deposition testimony at trial, notwithstanding defendant Limon-Urenda's stipulation that Castilla-Gallardo's deposition may be used at trial, I will require the prosecution to make a showing, at the time that the prosecution offers Castilla-Gallardo's deposition, that the prosecution has, in "good faith," made "reasonable efforts" to secure Castilla-Gallardo's appearance and live testimony at trial, before I will admit his deposition testimony. *See Matus-Zayas*, 655 F.3d at 1102.

THEREFORE, **ruling is reserved** until trial on the prosecution's February 25, 2014, sealed Motion For Preliminary Determination Of Admissibility Of Certain Evidence (docket no. 94).

IT IS FURTHER ORDERED that, to avoid exposure of potential jurors to information about excluded evidence, this ruling shall be sealed until ten days after completion of trial or any guilty plea, unless a party files a motion within that ten-day period showing good cause why the ruling should remain sealed.

**IT IS SO ORDERED**.

**DATED** this 26th day of February, 2014.

*[signature: Mark W. Bennett]*
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA